IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Mary L. Stoklas and George Stoklas, <br><br> Plaintiffs, <br> vs. <br><br> QuikTrip Corporation, <br><br> Defendant. | C/A No. 0:22-cv-901-JFA <br><br> **MEMORANDUM OPINION AND ORDER** |

This matter is currently before the court on Defendant QuikTrip Corporation's ("QT"), motion for summary judgment. (ECF No. 18). This motion has been fully briefed and the court heard oral argument on March 13, 2013. Thus, this matter is ripe for review. For the reasons stated below, the court grants Defendant's motion.

I.  **FACTUAL AND PROCEDURAL HISTORY**

This is a premises liability action wherein Plaintiff alleges she suffered personal injuries after slipping and falling while in Defendant's convenience store. Given the existence of surveillance footage from within the store, there appears to be no genuine issue as to any material facts.

The parties agree that Plaintiff slipped and fell in water which emanated from an ice cooler unit near the women's restroom. A broken part in the freezer caused the water leak, which QT store employees could not repair. Six days prior to the incident, a QT employee submitted a repair request for the malfunctioning freezer. Since the cooler could not be shut off, QT periodically cleaned the water and placed a wet floor sign at the location of

1

the spill. Plaintiff admits that the wet floor sign was present when she fell. She testified in her deposition that, the "signs were up. I didn't pay any attention to them. Because they'd had the signs up a lot of times, and there was water or no water on the floor at the time." (ECF No. 18-5, p. 3). When asked if she saw the sign prior to her fall, Plaintiff stated, "I'm sure I was -- I saw the sign. But I just didn't -- I didn't process it because I in -- going to the bathroom." *Id.*

Surveillance footage shows that Plaintiff fell next to the wet floor sign placed at the location of the spill. The images below are taken form the video footage and show Plaintiff immediately before and after the fall. As shown, Plaintiff walked past the wet floor sign immediately prior to her fall and fell within arms reach of the sign.





After the fall, QT employees can be seen wiping the floor around Plaintiff with white towels. EMS then took Plaintiff to the hospital. This lawsuit followed.

## II.     LEGAL STANDARD

Under Rule 56 of the Federal Rules of Civil Procedure, summary judgment is proper when there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). A material fact is one that "might affect the outcome of the suit under the governing law." *Spriggs v. Diamond Auto Glass*, 242 F.3d 179, 183 (4th Cir. 2001) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). A dispute of material fact is "genuine" if sufficient evidence favoring the non-moving party exists for the trier of fact to return a verdict for that party. *Anderson*, 477 U.S. at 248–49.

The moving party bears the initial burden of showing the absence of a genuine dispute of material fact. *Celotex*, 477 U.S. at 323. If the moving party meets that burden and a properly supported motion is before the court, the burden shifts to the non-moving party to "set forth specific facts showing that there is a genuine issue for trial." *See* Fed. R. Civ. P. 56(e); *Celotex*, 477 U.S. at 323. All inferences must be viewed in a light most favorable to the non-moving party, but the non-moving party "cannot create a genuine issue of material fact through mere speculation or the building of one inference upon another." *Beale v. Hardy*, 769 F.2d 213, 214 (4th Cir. 1985).

## III.   ANALYSIS

In regard to premises liability actions such as this, the law in South Carolina is well-settled. Under South Carolina law, the owner of property owes business visitors or invitees the duty of exercising reasonable and ordinary care for their safety and is liable for any injuries resulting from a breach of such duty. *H.P. Larimore v. Carolina Power & Light,* 340 S.C. 438, 531 S.E.2d 535, 538 (Ct.App.2000) (citing *Israel v. Carolina Bar–B–Que, Inc.,* 292 S.C. 282, 356 S.E.2d 123, 128 (Ct.App.1987)). The landowner has a duty to warn an invitee only of latent or hidden dangers of which the landowner is on actual or constructive notice. *Id.* at 538 (citing *Callander v. Charleston Doughnut Corp.,* 305 S.C. 123, 406 S.E.2d 361, 362–63 (1991)).

To recover damages for injuries caused by a dangerous or defective condition on a storekeeper's premises, Plaintiff must show either (1) that the injury was caused by a specific act of Defendant which created the dangerous condition; or (2) that Defendant had

4

actual or constructive knowledge of the dangerous conditions and failed to remedy it. *Wintersteen v. Food Lion,* 344 S.C. 32, 542 S.E.2d 728, 729 (2001).

A merchant is not an insurer of the safety of its customers, but rather owes them a duty to exercise or maintain care and to keep the premises in a reasonably safe condition. The merchant is not required to maintain the premises in such condition that no accident could happen to a patron using them. *Denton v. Winn–Dixie Greenville,* 312 S.C. 119, 439 S.E.2d 292 (Ct.App.1983). "The entire basis of an invitor's liability rests upon his superior knowledge of the danger that causes the invitee's injuries. If that superior knowledge is lacking, as when the danger is obvious, the invitor cannot be held liable." *H.P. Larimore,* 531 S.E.2d at 540. A landowner is not liable for open and obvious dangers unless the landowner "should anticipate the harm despite such knowledge or obviousness" or "has reason to expect that the invitee's attention may be distracted, so that he will not discover what is obvious, ... or fail to protect himself against it." *Callander v. Charleston Doughnut Corp.,* 305 S.C. 123, 406 S.E.2d 361, 362–63 (1991) (internal quotation marks omitted) (alteration in original).

Here, Defendant acknowledges that water from a broken freezer created a dangerous condition of which it was aware. However, Defendant further avers that it fulfilled any duty owed to Plaintiff by periodically cleaning the area and more importantly placing a warning sign in the exact area of Plaintiff's fall.

Plaintiff counters that even if a danger is open and obvious, a property owner can still be liable for physical harm caused to invitees if the possessor should anticipate the harm despite such obviousness. *Benton v. Bulldog Tours Inc.*, No. 2:17-CV-01623-DCN,

2019 WL 803973, at *2 (D.S.C. Feb. 21, 2019)("Generally, property owners only have a duty to warn invitees of latent or hidden dangers of which the property owner has or should have knowledge, and are not obligated to warn others of open and obvious conditions. Notably, however, even if a danger is open and obvious, a property owner can still be liable for physical harm caused to invitees if the possessor should anticipate the harm despite such obviousness.")(cleaned up).

Plaintiff further avers that QT used warning signs to such an extent to render them meaningless. Plaintiff reported routinely seeing numerous signs during her weekly trips to the store whether the floor was wet or not. Moreover, on the day of the incident, at least four signs were present in the store. Some appeared to be placed in dry areas, including atop a carpeted floor mat.

However, the court agrees that Plaintiff's argument on liability for reasonably foreseeable accidents misses the mark. Plaintiff's argument misconstrues the open and obvious doctrine. The open and obvious doctrine relieves a landowner from taking any action either to warn or remedy a defect that is open and obvious. Warning signs are not a defect and the presence of a warning sign in this case did not convert the water on the floor into an open and obvious defect. Therefore, Plaintiff's suggestion that her claim falls under the "reason to anticipate harm" exception to the open and obvious doctrine relies on the faulty premise that an open and obvious defect existed in the first place. Plaintiff cites no caselaw supporting its argument and conflates the carefully outlined distinction between latent/hidden dangers and open and obvious defects. By doing so, Plaintiff is essentially contending that a landowner who warns of a danger makes the danger open and obvious

6

and is consequently liable under the "should anticipate harm" exception. This argument puts a landowner between a rock and a hard place. The owner is liable for failing to warn of the danger but then makes himself liable under Plaintiff's theory by warning of the very same danger. The court thus finds Plaintiff's argument unpersuasive.

Likewise, the court finds Plaintiff's argument regarding the potential overuse of signs unavailing. Plaintiff is essentially contending that routine use of signage in areas that do not contain an immediate hazard renders other signs meaningless. Plaintiff's theory would have Defendant punished for being overly cautious in its attempt to protect its customers. The law requires only that Defendant warn invitees of latent or hidden dangers of which it is aware. A wet floor sign in the exact location of Plaintiff's fall did just that. Plaintiff's admitted failure to "process" the sign does not render the warning invalid.

Plaintiff also avers that Defendant could have, and should have, done more to remedy the situation including turning off the machine in question or utilizing mats and towels. Such an argument attempts to hold Defendant to a higher standard than required by South Carolina law. *See Lucas v. Sysco Columbia LLC*, No. 3:13-CV-02883-JFA, 2014 WL 4976509, at *5 (D.S.C. Oct. 3, 2014)("While the Court believes it is a sound practice to place mats on the floor of an establishment during inclement weather to avoid accidents such as this, South Carolina law does not impose such a duty."). It is clearly established that a store owner is not an insurer of the safety of its customers, but rather owes them a duty to exercise or maintain care and to keep the premises in a reasonably safe condition. Moreover, the merchant is not required to maintain the premises in such condition that no accident could happen to a patron using them.

7

Here, Defendant acknowledged that the wet floor created an unsafe condition and then took the reasonable steps of periodic cleaning along with affirmatively warning customers via a wet floor sign. *See Jones v. Hobby Lobby Stores, Inc.*, No. 3:13-CV-440-CMC, 2013 WL 5945678, at *4 (D.S.C. Nov. 6, 2013)(granting summary judgment where the hazard "was clearly marked with several distinguishing features which were readily visible."); *see also Lanier Const. Co. v. Bailey & Yobs, Inc.*, 384 S.C. 275, 281, 681 S.E.2d 909, 913 (Ct. App. 2009)(affirming the grant of summary judgment because the defendant "discharged their duty to warn their invitee" by advising of the hazardous condition.). Thus, there is nothing in the record creating an issue of fact as to whether Defendant breached its duty of care to Plaintiff. Consequently, Defendant's motion for summary judgment must be granted.

## IV.    CONCLUSION

For all of the reasons stated above, Defendants' motion for summary judgment (ECF No. 18) is granted and this case is dismissed with prejudice.

IT IS SO ORDERED.

March 16, 2023                                    Joseph F. Anderson, Jr.
Columbia, South Carolina                     United States District Judge